### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BUILD-A-BEAR ENTERTAINMENT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| KABU PRODUCTIONS, LLC, | ) Removed from the Circuit Court of |
| PATRICK HUGHES and FOUNDATION | ) St. Louis County, Case No. 26SL-CC04152 |
| MEDIA PARTNERS, LLC, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, KABU Productions, LLC ("**KABU**"), Patrick Hughes ("**Hughes**"), and Foundation Media Partners, LLC ("**FMP**") (collectively, "**Defendants**") remove the action *Build-A-Bear Entertainment, LLC v. KABU Productions, LLC, et. al.*, Case No. 26SL-CC04152, from the Circuit Court of St. Louis County, Missouri to this Court. In support thereof, Defendants state as follows:

1.     On June 3, 2026, Plaintiff Build-A-Bear Entertainment, LLC ("Plaintiff") filed its Petition against Defendants in the Circuit Court of St. Louis County, State of Missouri, Case No. 26SL-CC04152 (the "Petition") alleging breach of contract, breach of fiduciary duty, and seeking a declaratory judgment under a production contract between KABU, Hughes, and Plaintiff whereby KABU and Hughes would be compensated for producing a web-based video series for Plaintiff (the "***Production Agreement***"). A copy of the Petition is attached as **Exhibit A** and a copy of the Circuit Court docket is attached as **Exhibit B**.

2.     Removal is timely because Defendants were served with the Petition on June 24, 2026 and Defendants file this Notice of Removal within thirty days of receipt of the Petition.

1

## DIVERSITY JURISDICTION

3.      Removal is proper because this Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332. Diversity jurisdiction exists where the amount in controversy exceeds the sum of $75,000 and the matter is between citizens of different states. *See* 28 U.S.C. § 1332.

4.      For purposes of diversity, an individual is a "citizen" of the state in which she is domiciled. *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017). An individual's domicile is the place he resides with the intention to remain. *Id*. at 1085.

5.      In its Petition, Plaintiff asserts that Hughes "is a California resident with an address in Los Angeles, California." *See* Ex. A at ¶ 3.

6.      A limited liability company's citizenship "is that of its members for diversity jurisdiction purposes." *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

7.      Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State … where it has its principal place of business." *See also Wierman v. Casey's General Stores*, 638 F.3d 984, 1003–04 (8th Cir. 2011).

8.      Plaintiff is a Missouri limited liability company with its principal place of business in St. Louis, Missouri. *See id*. at ¶ 1.

9.      Plaintiff is a wholly-owned subsidiary of Build-A-Bear Workshop, Inc., which is Plaintiff's sole member.

10.     Build-A-Bear Workshop, Inc. is incorporated under the laws of the State of Delaware and has its principal place of business at 415 South 18th Street, Suite 102, St. Louis, Missouri, 63103.

2

11.     Therefore, Plaintiff is considered a citizen of the State of Missouri and Delaware for the purposes of diversity jurisdiction. *See GMAC*, 357 F.3d at 829; *Wierman*, 638 F.3d at 1003–04.

12.     Defendants KABU and FMP are California limited liability companies with their principal places of business located in Los Angeles, California. *See id*. at ¶¶ 2, 5.

13.     Hughes, a citizen of California, is the sole member of both KABU and FMP, therefore, both KABU and FMP are citizens of California for the purposes of diversity jurisdiction. *See GMAC*, 357 F.3d at 829; *Eckerberg*, 860 F.3d at 1086.

14.     Because Defendants are citizens of California, and Plaintiff is a citizen of Missouri and Delaware, complete diversity exists pursuant to 28 U.S.C. § 1332(a).

15.     Plaintiff's Petition seeks more than $75,000.00 in damages based on numerous allegations.

16.     A removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *In re Minn. Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003). A notice of removal meets this threshold if it includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if, after notice of removal containing the plausible allegation is filed, a plaintiff contests, or the court questions, a defendant's allegation. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

17.     The amount in controversy may be determined from the allegations or prayer in the Petition, and a court may "employ its judicial experience or common sense" to determine whether the jurisdictional threshold is met. *Turntine*, 959 F.3d at 881.

3

18.     Based on a reasonable reading of the Petition, and without conceding that any of Plaintiff's claims have merit, Plaintiff seeks in excess of $75,000, exclusive of costs and interest.

19.     First, Plaintiff's Petition seeks damages "in an amount in excess of $25,000," separately, for Counts I, II, and III. When damages are plead in this way "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020). If Plaintiff were to recover the minimum requested amount on each claim, the damages would be "in excess of $75,000."

20.     Second, Plaintiff alleges that Defendants breached the Production Agreement, which states that the cash production budget was $2,965,588.73 and that KABU and Hughes would receive a total of $200,000.00 for producing the video series. *See* Ex. A at ¶¶ 22, 55. At a minimum, Plaintiff seeks to avoid paying the $200,000.00 it is contractually obligated to pay, or presumably the return of any amounts paid to date.

21.     Third, in Counts II and III, Plaintiff seeks punitive damages for KABU, FMP, and Hughes' alleged breaches of fiduciary duty. *See id*. at ¶¶ 64, 69. Despite violating Section 510.261, RSMo., by seeking punitive damages in its initial pleading, Plaintiff makes it clear that it is seeking damages in excess of $75,000.00.

22.     Fourth, in Count IV, Plaintiff seeks a declaration that it is no longer required to pay KABU and Hughes "five percent (5%) of one hundred percent (100%) of [Plaintiff]'s Adjusted Gross Profit" earned from the distribution of a video series, which had a budget of almost $3,000,000.00, during the term of the Production Agreement and for ten years thereafter. *See* Ex. A at ¶ 73. Thus, Plaintiff seeks to avoid paying 5% of some amount greater than the budget for the

4

video series. Even if the production broke even, 5% of the nearly $3,000,000.00 budget is $150,000.00

23.     Finally, Plaintiff seeks attorneys' fees, which is includable in the amount in controversy. *See Larkin v. Brown*, 41 F.3d 387, 388–89 (8th Cir. 1994); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005).

24.     Based on any one of these allegations, much less all these allegations, a fair reading of Plaintiff's Petition shows that it seeks more than $75,000.00 jurisdictional threshold.

## VENUE

25.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

26.     Pursuant to 28 U.S.C. § 105(a), the Eastern District of Missouri embraces the Circuit Court for the County of St. Louis of the State of Missouri, the place where the removed action had been pending.

27.     Accordingly, this Court is the appropriate venue for removal of this action. *See id*.

28.     Promptly upon the filing of this Notice of Removal, Defendants will file a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal, with the Circuit Court for St. Louis County, State of Missouri, and will serve a copy thereof on Plaintiff, pursuant to 28 U.S.C. § 1446(d). A copy of this Notice is attached as **Exhibit C**.

## CONCLUSION

29.     Based on the foregoing, this Court has subject matter jurisdiction over this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Therefore, this Court may exercise jurisdiction over this lawsuit. 28U.S.C. § 1441(a).

WHEREFORE, this matter is removed from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri. Defendants respectfully ask that this matter now proceed before the United States District Court for the Eastern District of Missouri as a case properly removed.

Dated: July 9, 2026

Respectfully submitted,

CARMODY MacDONALD P.C.

By:     */s / Christopher J. Lawhorn*
        Christopher J. Lawhorn, #45713MO
        Tyler C. Schaeffer, #60847MO
        Phillip D. Stelzer, #73960MO
        120 South Central Avenue, Suite 1800
        St. Louis, Missouri 63105
        (314) 854-8600 Telephone
        (314) 854-8660 Facsimile
        sth@carmodymacdonald.com
        tcs@carmodymacdonald.com
        pds@carmodymacdonald.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, I electronically filed the foregoing with the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record, and Pursuant to 28 USC 1446(d), a true and correct copy of the notice removal was also filed with the Clerk of the Court in Civil Case No. 26SL-CC04152, which will serve notice upon all parties of record.

  /s/ *Christopher J. Lawhorn*

6